Gustavo Felipe PEREZ–
LOPEZ, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 13–73277.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2015.*

Filed Oct. 22, 2015.

Gustavo Felipe Perez–Lopez, Santa Ana,
CA, pro se.

OIL, Ilissa M. Gould, Trial, DOJ–U.S.
Department of Justice, Washington, DC,
Chief Counsel Ice, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: SILVERMAN, BYBEE and
WATFORD, Circuit Judges.

MEMORANDUM **

Gustavo Felipe Perez–Lopez, a native
and citizen of Mexico, petitions pro se for
review of the Board of Immigration Ap-
peals' order dismissing his appeal from an
immigration judge's decision finding him
removable and denying his applications for
asylum, withholding of removal and protec-
tion under the Convention Against Torture
("CAT"). Our jurisdiction is governed by
8 U.S.C. § 1252. We review de novo ques-
tions of law, *Coronado v. Holder*, 759 F.3d

977, 982 (9th Cir.2014), and review for
substantial evidence the denial of CAT re-
lief, *Silaya v. Mukasey*, 524 F.3d 1066,
1073 (9th Cir.2008). We deny in part and
dismiss in part the petition for review.

The agency correctly determined that
Perez–Lopez' conviction under California
Health and Safety Code § 11378, for pos-
session for purpose of sale of methamphet-
amine, constitutes a drug trafficking ag-
gravated felony under 8 U.S.C.
§ 1101(a)(43)(B). *See Coronado*, 759 F.3d
at 984–86 (holding that similarly struc-
tured statute, Cal. Health & Safety Code
§ 11377(a), is divisible and subject to the
modified categorical approach); *Cabantac
v. Holder*, 736 F.3d 787, 793–94 (9th Cir.
2013) (per curiam) (under the modified
categorical approach, where "the abstract
of judgment or minute order specifies that
a defendant pleaded guilty to a particular
count of the criminal complaint or indict-
ment, we can consider the facts alleged in
that count"); *Rendon v. Mukasey*, 520
F.3d 967, 976 (9th Cir.2008) ("[P]ossession
of a controlled substance with the intent to
sell contains a trafficking element and is
an aggravated felony."). This conviction
renders him ineligible for asylum, *see* 8
U.S.C. § 1158(b)(2)(A)(ii).

The agency used the correct standard
and did not err in determining Perez–
Lopez' drug trafficking offense is pre-
sumptively a particularly serious crime
that renders him ineligible for withholding
of removal, *see* 8 U.S.C. § 1231(b)(3)(B);
*Rendon*, 520 F.3d at 976 ("[A]n aggravat-
ed felony containing a drug trafficking el-
ement is presumed to be a particularly
serious crime which would make [the ap-
plicant] ineligible for withholding of re-
moval."), and to the extent Perez–Lopez

---

\* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

challenges the agency's determination that he has not rebutted that presumption as a discretionary matter, we lack jurisdiction to consider that contention, *see Pechenkov v. Holder*, 705 F.3d 444, 448–49 (9th Cir. 2012) ("[8 U.S.C.] § 1252(a)(2)(D) cannot restore jurisdiction to review a 'particularly serious crime' determination where" the challenge is that the agency "incorrectly assessed the facts").

Substantial evidence supports the agency's denial of deferral of removal under the CAT, where Perez–Lopez failed to show it is more likely than not he will be tortured by or with the consent, acquiescence or willful blindness of the government if removed to Mexico. *See Silaya*, 524 F.3d at 1073.

Perez–Lopez' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.